J-S36007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HECTOR COLON-PLAZA | : | |
| | : | |
| Appellant | : | No. 1415 MDA 2018 |

Appeal from the PCRA Order Entered July 26, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002452-2014

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI, J.*

MEMORANDUM BY PANELLA, P.J.:        **FILED NOVEMBER 07, 2019**

Appellant, Hector Colon-Plaza, challenges the order entered in the Lancaster County Court of Common Pleas, denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He alleges trial counsel rendered ineffective assistance by failing to object to the Commonwealth's reference to Appellant's right to remain silent. We affirm.

A previous panel of this Court recounted the facts and procedural history of this case:

> In 2010, Appellant pled guilty to two counts of indecent assault of a minor and received two years' probation, which he completed. On April 17, 2014, the Pennsylvania Office of Attorney General ("OAG") obtained a search warrant for Appellant's residence on evidence that OAG law enforcement software enabling agents to detect the location of computers offering child pornography for

---

* Retired Senior Judge assigned to the Superior Court.

download had twice during a four-month period downloaded videos and images of child pornography offered from an internet-based, peer-to-peer file-sharing program in use at Appellant's residence. Pursuant to a court order, Comcast Cable Communications supplied account information naming Appellant as the wireless internet subscriber. Authorities further determined that wireless internet access from this address was locked and required a password.

Appellant shared the residence with his girlfriend, Angela Gonzalez, and she was home when authorities executed the search warrant. OAG agents confiscated a non-functioning digital tablet, three cell phones, and two laptop computers, one of which was stored in a hallway closet. It was this HP laptop, alone, which contained an Ares file-sharing program, and within this program were files containing the two videos and two images of child pornography captured by the OAG computer. Further examination of the laptop disclosed a username of "HECTOR," a most recent log-on under this username of April 16, 2014, just one day before service of the warrant, and placement of the child pornography files in a file path under this username. N.T. Trial, 3/3/15, at 205–08.

OAG agents obtained Appellant's work address from Ms. Gonzalez and interviewed him at his office after advising him of his Miranda rights, which he temporarily waived. In his recorded statement, Appellant admitted that he and Ms. Gonzalez kept two computers and one digital tablet in the residence and knew each other's passwords. He denied recent use of the HP laptop computer stored in the hall closet, although he admitted to knowing its password and using it in the past to share music and video files.

Authorities arrested Appellant and charged him with two counts of disseminating child pornography in addition to the charges referenced above. On March 4, 2015, a jury found Appellant not guilty of disseminating child pornography but guilty on all counts of possession of child pornography and criminal use of communication facilities. Prior to sentencing, the Commonwealth notified Appellant that it would seek a mandatory minimum sentence of 25 years under [42 Pa.C.S.A. § 9718.2,] a recidivist statute addressing sexual offenders. At Appellant's sentencing hearing, the court noted that a Sexual Offenders Assessment Board determined Appellant was not a sexually violent predator. Nevertheless, finding Appellant was a recidivist sex offender as

> contemplated under the mandatory minimum sentencing scheme, the court imposed a mandatory 25 to 50–year term of incarceration.

*Commonwealth v. Colon-Plaza*, 136 A.3d 521, 524-525 (Pa. Super. 2016) (footnotes omitted).

This Court affirmed the judgment of sentence, and Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. Instead, he filed the instant PCRA petition, alleging the ineffectiveness of trial counsel. Appellant then retained counsel, who filed an amended petition.

The PCRA court held an evidentiary hearing. At the conclusion of the hearing, the PCRA court ordered the parties to file briefs. Ultimately, the court denied relief, and Appellant filed a timely notice of appeal. This matter is now properly before us.

Appellant's sole issue on appeal challenges the effectiveness of trial counsel. However, before we are able to address it, we must determine whether the petition was timely filed.

We begin by addressing the timeliness of Appellant's petition. A PCRA petition is timely if it is filed within one year of the date the petitioner's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. 2014) (citation omitted).

Here, a previous panel of this Court affirmed Appellant's judgment of sentence. He did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. His judgment of sentence became final on March 26, 2016, thirty days after this Court issued its opinion, when his time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. **See** Pa.R.A.P. 1113(a). Appellant's PCRA petition, filed on February 22, 2017, is therefore timely.

We proceed to the merits of Appellant's claim. "Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). In doing so, we read the record in the light most favorable to the prevailing party. **See Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012). If this review reveals support for the PCRA court's credibility determinations and other factual findings, we may not disturb them. **See Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014). We, however, afford no deference to the PCRA court's legal conclusions. **See id**.

Appellant's sole argument on appeal is that the PCRA court erred in concluding he had failed to establish that his trial counsel had been ineffective for failing to object to the presentation of his recorded statement to the jury. We presume counsel's effectiveness, and an appellant bears the burden of proving otherwise. **See Commonwealth v. Brown**, 161 A.3d 960, 965 (Pa.

Super. 2017). "In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Presley**, 193 A.3d at 442 (citation omitted).

To establish ineffectiveness of counsel, a PCRA petitioner must plead and prove: his underlying legal claim has arguable merit; counsel's actions lacked any reasonable basis; and counsel's actions prejudiced him. **See Commonwealth v. Spotz**, 18 A.3d 244, 260 (Pa. 2011). Failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim. **See Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa. Super. 2004). "Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." **Commonwealth v. Barnett**, 121 A.3d 534, 540 (Pa. Super. 2015) (citations and internal quotation marks omitted). "A defendant raising a claim of ineffective assistance of counsel is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." **Commonwealth v. Spotz**, 84 A.3d 294, 315 (Pa. 2014) (citation and quotation marks omitted).

It is undisputed that the Commonwealth introduced at trial a recorded statement and accompanying transcript from Appellant's initial interview with

investigators. Further, it is undisputed Appellant eventually invoked his right to remain silent, which ended the interview.

Appellant argues that, because the Commonwealth is not permitted to use a defendant's assertion of his right to remain silent to prove consciousness of guilt, trial counsel should have objected to the introduction of the statement and transcripts. Appellant contends counsel had no reasonable basis for his failure to object, and that the introduction of this evidence prejudiced the jury against him. He concludes he is entitled to a new trial based on counsel's ineffectiveness. We conclude the PCRA court did not err in finding Appellant had failed to establish arguable merit or prejudice and therefore disagree.

The United States and Pennsylvania Constitutions protect a defendant's right to silence, including before arrest. **See** U.S. Const. amend. V; Pa. Const. art. I § 9; **Commonwealth v. Guess**, 53 A.3d 895, 903 (Pa. Super. 2012). "It is axiomatic that a prosecutor may not comment adversely on a defendant's refusal to testify with respect to the charges against him since such commentary would compromise the defendant's privilege against self-incrimination and the defendant's constitutional presumption of innocence." **Commonwealth v. Molina**, 33 A.3d 51, 57 (Pa. Super. 2011) (*en banc*) (citation omitted).

However, this Court has declined to find a "*prima facie* bar against *any* mention of a defendant's silence," where the reference is not deemed exploitative. **Commonwealth v. Adams**, 39 A.3d 310, 318 (Pa. Super. 2012) (emphasis in original; citation omitted). As such, not all allusions to a

defendant's silence constitute a violation of his Fifth Amendment rights, such that counsel could be deemed ineffective by failing to object. **See Guess**, 53 A.3d at 905. Our Pennsylvania Supreme Court has held that "[e]ven an explicit reference to silence is not reversible error where it occurs in a context not likely to suggest to the jury that silence is the equivalent of a tacit admission of guilt." **Commonwealth v. DiNicola**, 866 A.2d 329, 337 (Pa. 2005) (citation omitted). Where the reference to the defendant's silence is used to establish context, rather than employed in a way likely to create an inference of an admission of guilt, the defendant cannot prove the prejudice prong of the ineffectiveness test. **See id**.

At trial, the Commonwealth referenced Appellant's interview with police in its opening statement:

> As the questioning progressed, they ask him, what kind of things were you downloading using the Ares network? And finally he says, well, I was looking at movies. They told him -- they said, well, what kind of movies? You're not going to shock us in any way. It was at that point he decided I'm not going to answer any more questions and he stopped. And they stopped questioning him. So the interview stops at that point and the defendant is charged.

N.T. Trial, 3/2/15, at 76.

Appellant's counsel objected at sidebar, claiming the Commonwealth had impermissibly raised the issue of his client "lawyering up" during the interview. **Id**., at 91. The court rejected that assertion, stating the Commonwealth had not referred to Appellant asking for a lawyer, and only

referenced Appellant's decision to stop speaking with investigators because it clarified why the interview had concluded. ***See id***. The court explained:

> What are they supposed to say at that point? If [Appellant] hadn't said anything [to the investigators] period, then I would agree with you, to mention [Appellant's silence] would be inappropriate. But where he starts talking [to] them, they ask him a question and he doesn't want to answer, what are they supposed to say at that point? I don't see that there's anything inappropriate about that.

***Id***.

The Commonwealth then introduced testimony from Agent Nicole Laudeman. Laudeman testified, *inter alia*, that after investigation into the dissemination of child pornography online, she determined child pornography was being shared from a device linked to Appellant's internet subscription account. ***See*** N.T. Trial, 3/3/15, at 120.

Laudeman and her partner approached Appellant, who agreed to be interviewed for their investigation. ***See id***., at 131. They read him his ***Miranda***[1] rights, and he answered questions for them before eventually refusing to continue. ***See id***. The Commonwealth introduced that interview into evidence. ***See id***., at 136. The relevant portion of the conversation proceeded as follows:

[Investigator]: [] OK what did you use Ares for?

[Appellant]:Um watch videos

[Investigator]: What kind of videos did you watch?

---

[1] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

[Appellant]: Before um

[Investigator]: You're not going to shock us so just be honest[,] what videos did you look at[?]

[Appellant] Well I'm not to say nothing here [sic]. I'm going to stop the conversation.

[Investigator]: You're going to stop the conversation?

[Appellant]: Uh huh

Commonwealth's Exhibit 10, at 7.

Appellant went on to explicitly ask for an attorney; that request was excised from the recording and transcript of the interview presented to the jury. Appellant was arrested thereafter. Appellant's counsel did not object to the entry of the redacted interview into evidence.

The PCRA court held an evidentiary hearing, and trial counsel testified. He stated he objected to the portion of the Commonwealth's opening statement that referenced the interview because he believed it could be prejudicial to Appellant. *See* N.T. PCRA Hearing, 12/18/17, at 9. However, he testified that after the adverse ruling, he deemed the issue meritless and did not object to the introduction of the interview into evidence. *See id*., at 10. He also declined to raise the issue on direct appeal because he believed Appellant did not actually suffer any prejudice. *See id*., at 15. Additionally, counsel testified that while the transcript of Appellant's initial meeting with investigators was introduced as an exhibit at trial, the portion where Appellant explicitly asked for a lawyer was redacted from the transcript. *See id*., at 27.

Here, we find the brief reference to Appellant ending the interview was appropriately used to contextualize the police investigation. Appellant knowingly and voluntarily waived that right and cooperated with police in a highly relevant interview about illicit materials on his computer before deciding to halt the discussion. At no point in the Commonwealth's opening statement or in the recording and transcript presented to the jury was Appellant's decision to stop the interview proffered as substantive evidence of his guilt. Neither the prosecution nor any witness commented on Appellant's choice to invoke this right. Instead, the Commonwealth succinctly recapitulated the facts of the interview as part of the investigation undertaken by Agent Laudeman. We do not find that these minor references to his silence suggest Appellant's tacit admission of guilt. The PCRA court did not err or abuse its discretion in concluding Appellant had failed to establish that an objection to the evidence would have been sustained.

Even if counsel had specifically and successfully objected to any mention of Appellant's right to remain silent,[2] Appellant fails to demonstrate how the outcome of trial would have been different. As the PCRA court describes:

> Not only was it established that [Appellant] was the internet subscriber, the named profile user of the laptop and one of just two residents living at the address, he also admitted to having access to the laptop, to knowing its secreted location within the

---

[2] While trial counsel did object to the Commonwealth's opening statement on the grounds that it may have been prejudicial to Appellant, counsel's objection was framed as opposition to the Commonwealth referring to Appellant obtaining a lawyer. Counsel was overruled, as the Commonwealth made no such reference.

closet, to knowing its password and, most significantly, to having used the file-sharing program in the past to watch videos. Moreover, only two laptops were discovered within the residence, along with a nonfunctional tablet and some cell phones. [Appellant] initially acknowledged in his interview that he and his girlfriend each had a computer in the residence. He also stated that his was password protected, that he used it to pay bills and watch YouTube videos and that he had never downloaded a filesharing program onto his computer. When he was confronted with the fact that such a program was discovered on a computer within the home, [Appellant] suddenly said that there was a third computer within the residence that was old and that he did not use anymore. This was the only computer within the residence found to contain child pornography and it revealed a three-year history in which child pornography was frequently sought, downloaded and viewed under [Appellant's] username and password. The properly admitted and uncontradicted evidence of guilt was so overwhelming in this case, compared to any insignificant prejudicial effect the reference to [Appellant's] request for the interview to end may have had, that the admission of such could not have contributed to the verdict.

PCRA Court Opinion, filed 7/25/18, at 6-7.

We agree with the court's assessment. Accordingly, we find Appellant is due no relief on this issue, and we affirm the denial of his petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/07/2019